FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 15 PM 3: 18

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.   404CR252

ROMANO SIMMONS

## ORDER

Convicted of violating 21 U.S.C. § 841(a)(1) (distribution of 50 grams or more of cocaine base) and sentenced to 230 months plus a $7,000 fine and $100 assessment, doc. # 166 at 1, Romano Simmons has filed a "Complaint" which this Court construes as a motion to reduce his fine. Doc. # 218 at 1 (he "want[s] this Honorable Court to reexamin[e] his court fine, without interest"). Simmons says he makes only 12 cents/hour; if the Court would only reduce his interest on that fine, then "there would be no problem" paying it off; otherwise, he will never be able to extinguish it. *Id.* at 2.

Defendant does not question the validity of his fine; he only wants this Court to modify it by eliminating the interest obligation.[1] This Court thus has jurisdiction. *See U.S. v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (District court had subject matter jurisdiction to hear defendant's petition for clarification of his obligation to pay interest on three $5,000 fines that were imposed in connection with his carjacking and other convictions, and request that fines be remitted or suspended, under statutory provision allowing criminal defendants to seek relief from fines based on economic hardship); 18 U.S.C. § 3572.

As explained by *U.S. v. Williamson*, 2005 WL 1669751 at * 1 (M.D.Ga. 7/14/05) (unpublished), relief granted on this sort of motion travels under 18 U.S.C. § 3572(d)(3), which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Courts have construed this statute to mean that judges can alter a fine upon a defendant's showing of a change in his financial circumstances (*i.e.*, the payment schedule can be altered, but the fine itself cannot be terminated). *Williamson*, 2005 WL 1669751 at * 1. Under that rationale, Simmons must show under § 3572(d)(3) that he has suffered a material change in economic circumstances that would warrant adjustment of the payment schedule. *Goode*, 342 F.3d at 743.

This he has not done. It may be that his fine winds up (assuming he continues to make only 12 cents/hour and accepting, for the purposes of this Order, his representations as true) being endless, but sentencing judges should not alter sentences merely because of an inmate's claimed financial hardship. All defendants can

---

[1] At sentencing, this directed to "pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). Doc. # 166 at 5; *see also* 18 U.S.C. § 3572(a); *U.S. v. Fudge*, 175 Fed.Appx. 694, 698 (6th Cir. 2006). Simmons did not pay his fine within 15 days of the Court's judgment, so now he must pay interest.

make that claim, and this Court is simply not going to stop and hold an evidentiary hearing on each defendant's finances every time financial hardship is claimed -- something that can vary (and thus be claimed) monthly if not daily.

For that matter, some courts have held that only the Government is statutorily authorized to seek to reduce a fine. *U.S. v. Mays*, 67 Fed.Appx. 868, 869 (6th Cir. 2003) (*citing* 18 U.S.C.A. § 3573); *see also U.S. v. Morales*, 328 F.3d 1202, 1204-05 (9th Cir. 2003) (district court did not have authority, under 18 U.S.C. § 3583, which allows a district court, in certain instances, to modify, reduce, or enlarge the conditions of supervised release, to modify sentence imposing a fine on defendant, where the fine imposed was not a condition of supervised release, but instead was a part of the sentence).

Those who do the crime must pay the fine. Simmons's motion to reduce his fine (doc. # 218) is ***DENIED***.

This /b day of August, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA